J-S35029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
           Appellant   :
   :
   :
           v.   :
   :
   :
LINDA SUE STROUSE   :   No. 171 MDA 2024

Appeal from the PCRA Order Entered January 29, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001890-2018

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:         **FILED OCTOBER 28, 2024**

The Commonwealth of Pennsylvania appeals from the order granting Linda Sue Strouse's (Defendant) petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § §§ 9541-9546, and granting Defendant the opportunity to withdraw her *nolo contendere* plea. After careful review, we affirm.

The PCRA court summarized the underlying factual and procedural history:

> On January 4th, 2019, [Defendant] was charged with 124 counts of theft and forgery related to monies that she stole and spent from the victim, Rose Strouse[ (Rose)], deceased[, who was over 60 years of age at the time the offenses were committed]. Rose [] was form[er]ly [Defendant]'s Mother-in-Law. This matter was originally scheduled for a guilty plea on January 14th, 2019, but was continued numerous times until it eventually was put on the trial list on March 4th, 2020. On June 4th, 2021[,] the Commonwealth filed a motion to amend the information, and on June 7th, 2021[,] the information was amended to reduce the

charges to 25 counts. On the same date[, Defendant entered an open plea of *nolo contendere*] to all 25 counts[,[1]] and was sentenced by [the trial court] on September 2nd, 2021[, to an aggregate 50 to 100 months in prison].[ Christian Lovecchio, Esquire (plea counsel), represented Defendant at her plea and sentencing hearings.]

Thereafter, [Defendant] filed a [PCRA petition] on September 13th, 2021. Argument was held on December 23rd, 2021, and [the PCRA court] denied [Defendant's petition] by Opinion and Order dated January 12th, 2022. [Defendant] did not file [an] appeal. [Defendant filed a second PCRA petition] on March 22nd, 2022. After the filing of her petition[,] Donald Martino, Esquire[ (PCRA counsel)], was appointed as counsel. In this [second PCRA] petition[,] Defendant was seeking relief by way of her [direct] appeal rights being reinstated[,] and [requested] that her sentence be amended by order finding that she [was eligible for the Recidivism Risk Reduction Incentive (RRRI)[2] program]. Upon no objection by the Commonwealth[,] Defendant's petition was granted[,] her sentence was amended and her direct appeal rights were reinstated.

[Defendant] filed a timely appeal alleging that the trial [c]ourt abused its discretion when imposing her sentence. The Superior Court of Pennsylvania affirmed th[e trial c]ourt's sentence on March 3rd, 2023. Defendant's sentence then became final on or about April 3rd, 2023. On May 22nd, 2023[, Appellant filed] the present[,] timely[, PCRA petition, *pro se*].

---

[1] Pertinently, Appellant entered *nolo contendere* pleas to two counts of theft by deception, 18 Pa.C.S.A. § 3922(a)(1), which, under the circumstances of the instant case, carried mandatory terms of imprisonment. ***See*** 42 Pa.C.S.A. § 9717(a) (where, as here, the victim of theft by deception is over 60 years of age, and the perpetrator of the crime is under 60 years of age, the trial court shall sentence the defendant to a period of incarceration "not less than 12 months, but the imposition of the minimum sentence shall be discretionary with the court where the court finds justifiable cause and that finding is written in the opinion.").

[2] Under the RRRI Act, 61 Pa.C.S.A. §§ 4501-4512, eligible offenders may qualify for lower minimum sentences through their "participation in evidence-based programs that reduce the risks of future crime…." 61 Pa.C.S.A. § 4502.

By way of [PCRA counsel], the Defendant filed an amended petition on June 27th, 2023. In the petition[,] the Defendant allege[d] that the circumstances surrounding her plea, as a whole, establish that [] her plea was involuntary, unknowing, and unintelligent because of the ineffectiveness of her plea counsel.

PCRA Court Opinion, 1/29/24, at 1-2 (footnotes added).

Specifically, in the instant PCRA petition, Defendant averred that 1) plea counsel did not apprise Defendant of the applicable sentencing guidelines, 2) plea counsel advised Defendant she was likely to receive a sentence of probation, 3) the trial court "did not address the rights a defendant has regarding the entry of a [*nolo contendere*] plea[,]" and 4) the cumulative effects of plea counsel's and the trial court's errors "amount[ed] to a manifest injustice and require[d] withdraw[al] of [Defendant's] *nolo contendere* plea[.]" Amended PCRA Petition, 6/27/23, ¶¶ 52, 54, 76, 110. The matter proceeded to evidentiary hearings on October 20 and November 6, 2023. Plea counsel, plea counsel's colleague (Matthew Diemer, Esquire (Attorney Diemer)), and Defendant testified.

The PCRA court summarized the testimony presented at the evidentiary hearings:

> [Defendant] testified that at no point [did plea counsel] read the plea form to her. N.T., 10/20/23, at 42. Further, [Defendant] testified that [plea counsel] never discussed a [*nolo contendere*] plea with her, just that she had two options, "go to trial or … [enter] an open plea[."] *Id.* at 42, 45. Overall, [Defendant's] testimony in regard to her plea was that she did not understand the proceedings as nothing was explained to her.
>
> On the contrary, … [plea counsel] testified that, on the day of [Defendant's] plea[,] he went through the charges and the

elements of said charges with [Defendant]. *Id.* at 7. [Plea counsel] also testified that he had gone through each question on the plea colloquy form with [Defendant] and then recorded her answers. *Id.* at 13. Further, [plea counsel] stated that he explained to [Defendant] what a *nolo contendere* plea was. *Id.* at 19. Attorney [] Diemer … stated that he was present at the time [Defendant] and [plea counsel] went through and filled out [Defendant's] plea colloquy. Specifically, [A]ttorney Diemer testified that [Defendant's] testimony that she was handed a blank colloquy form and was asked to sign it, was untrue. N.T., 11/6/23, at 6. Additionally, he testified that if [] Defendant had a question while [plea counsel] was filling out the colloquy form[, plea counsel] answered any of her questions. *Id.* at 13.

[] Defendant further claim[ed] that she was never told prison was a possibility, that she was promised a long probationary sentence, and did not know the sentencing guidelines. [Defendant] testified [plea counsel] guaranteed that she would get long[-]term probation. N.T., 10/20/23, at 43-44. She also stated, "the only thing that was told to me [was] that if I go to trial, I could face up to 12 years[,"] in response to whether or not [plea counsel] had talked to [Defendant] at any point about the advisory guideline sentence range. *Id.* at 45. [Defendant] explain[ed] throughout her testimony that she was under the belief [that] if she went to trial[,] she could face up to twelve (12) years [in prison], but[,] if she took a plea[,] she would get probation.[ Finally, Defendant testified that plea counsel never advised her that two of the offenses to which she entered *nolo contendere* pleas carried mandatory terms of incarceration. *See id.* at 49.]

[Plea counsel] testified that, although the standard sentencing ranges were not fil[l]ed in on the plea colloquy form, he did … explain what the ranges would be to [Defendant]. *Id.* at 9-10. Also, [plea counsel] stated that he made [Defendant] aware that there were no guarantees and the sentence was ultimately up to the [court]. *Id.* at 10. Further, it was Attorney Diemer's testimony that[ plea counsel] told [Defendant] that he would argue for probation. N.T., 11/6/23, at 9.

PCRA Court Opinion, 1/29/24, at 4-5 (record citations modified).

The PCRA court issued an opinion and order on January 29, 2024, granting Defendant's PCRA petition, and scheduling a hearing "at which time [Defendant] may withdraw her plea." PCRA Court Opinion, 1/29/24, at 7. The PCRA court largely did not find Defendant's testimony credible. **See id.** at 5. However, the PCRA court opined that the

> [t]estimony regarding [Defendant's] knowledge of the mandatory minimum in this case is less than clear. Although [plea counsel] testified that he went over the mandatory minimums with [] Defendant, they were never filled in on her [written] plea colloquy. N.T., 10/20/23, at 14-15. Additionally, there is no notice in the [Clerk of Court's] file that the Commonwealth intended to pursue the [mandatory] minimum sentences. Also, it is [the court's] recollection that at the time of sentencing[,] it was unclear whether [plea] counsel was previously aware of the mandatory minimums before the date of sentencing.[3]
>
> ….
>
> Throughout the testimony of [plea counsel], he stated that he made [] Defendant aware that he could only argue for a probationary sentence[,] and that he could not guarantee anything. If [plea counsel] was aware at the time [of] Defendant's plea of the mandatory minimums associated with her charges[,] he failed to let her know they would apply in this case. Additionally, when [plea] counsel was made aware of the mandatory sentences at the time of sentencing[,] he made no attempt to withdraw her plea.
>
> Th[e PCRA c]ourt cannot conclude that [Defendant] was made aware of the mandatory sentence required by law at the time of her plea. As a result, the [PCRA c]ourt finds that

---

[3] The court's recollection is supported by the record. **See** N.T., 9/2/21, at 13 (plea counsel requesting a sentence of probation); **see also id.** at 36 (plea counsel incorrectly stating the mandatory minimum sentences governed by 42 Pa.C.S.A. § 9717(a) only apply "if the victim was alive" at the time of sentencing).

- 5 -

[Defendant's] plea counsel was ineffective in regard to her plea on the two counts of [t]heft by [d]eception.

PCRA Court Opinion, 1/29/24, at 6-7 (record citations modified; footnote added).

The Commonwealth timely appealed.[4]  On February 2, 2024, the PCRA court ordered the Commonwealth to file a concise statement of errors complained of on appeal.  Both the PCRA court and the Commonwealth have complied with Pa.R.A.P. 1925.

The Commonwealth presents the following issue: "Whether the [PCRA] court erred by allowing [Defendant] to withdraw her entire [*nolo contendere*]

_____

[4] On February 14, 2024, Defendant filed an application to quash the Commonwealth's appeal, arguing the PCRA court's January 29, 2024, order granting Defendant's PCRA petition is not a final, appealable order, in that it did not vacate Defendant's pleas, but, instead, scheduled a hearing where she "may motion to withdraw her plea[s]." **See** Application to Quash, 2/14/24, ¶ 13 (quoting PCRA Court Opinion, 1/29/24, at 7); **see also id.** ¶ 23 (arguing "the Pennsylvania Supreme Court distinguished an order entered addressing a [PCRA] petition that resolves some claims and schedules a hearing on others." (citing **Commonwealth v. Scarborough**, 64 A.3d 602, 609 (Pa. 2013)).  We denied Defendant's application without prejudice to the merits panel's review.  In her brief, Defendant reiterates the argument set forth in her application to quash.  **See** Defendant's Brief at 5-7.

Upon review, we decline to quash the Commonwealth's appeal.  While the PCRA court included the additional step of requiring a separate hearing for Defendant to formally withdraw her pleas, the PCRA court clearly granted the only relief Defendant sought, which was withdrawal of her *nolo contendere* pleas.  **See** Pa.R.A.P. 341(f)(1) ("An order granting, denying, dismissing, or otherwise disposing of all other claims within a [PCRA petition], shall constitute a final order for purposes of appeal.").  Accordingly, the instant matter is ripe for review.

plea when she is only entitled to withdraw her [*nolo contendere*] pleas as to two charges[?]"

Our scope and standard of review from an order granting PCRA relief are well settled:

> Our scope of review "is limited to the PCRA court's findings and evidence of record," viewed … in the light most favorable to … the party who prevailed before the PCRA court. **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020) (citing **Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011)). "Our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Wharton**, 263 A.3d 561, 567 (Pa. 2021) (quoting **Commonwealth v. Washington**, 927 A.2d 586, 593 (Pa. 2007)).

**Commonwealth v. Robinson**, 278 A.3d 336, 340 (Pa. Super. 2022) (citations modified; brackets omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Mojica**, 242 A.3d 949, 956 (Pa. Super. 2020) (quoting **Commonwealth v. Medina**, 92 A.3d 1210, 1214-15 (Pa. Super. 2014)).

Instantly, the PCRA court granted relief based on plea counsel's ineffectiveness. Although the Commonwealth does not challenge the PCRA court's ineffectiveness finding,[5] it is helpful to our analysis to briefly outline the law with respect to ineffective assistance of counsel claims.

_____

[5] The Commonwealth raised six additional issues in its 1925(b) statement alleging the PCRA court erred in various respects when it found plea counsel provided ineffective assistance of counsel. However, in its brief, the Commonwealth abandoned its challenges to the PCRA court's ineffectiveness
*(Footnote Continued Next Page)*

To be entitled to relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that: 1) the underlying claim is of arguable merit; 2) there was no reasonable basis for counsel's action or inaction; and 3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015). "The 'reasonable probability' test is not a stringent one." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted).

"The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted). "In the context of a plea, an ineffectiveness [claim] may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Midgley*, 289 A.3d 1111, 1119 (Pa. Super. 2023) (citation omitted).

Where a court finds "a reasonable probability that [a defendant] would not have pled guilty but for plea counsel's constitutionally deficient advice, … [her] plea [is] involuntary and unknowing." *Hickman*, 799 A.2d at 142 (citing *Hill v. Lockart*, 474 U.S. 52 (1985)); *see also Commonwealth v.*

---

determination. *See* Commonwealth Brief at 14 ("After reflection and additional research, the Commonwealth is no longer challenging the [PCRA] court's decision granting PCRA relief …."). Accordingly, we only address the Commonwealth's remaining issue.

*Velazquez*, 216 A.3d 1146, 1150 (Pa. Super. 2019) ("The reasonable probability test refers to a probability sufficient to undermine confidence in the outcome." (citation omitted)); *Barndt*, 74 A.3d at 199-200 ("[P]rejudice may be established by demonstrating a reasonable probability that [an a]ppellant would have opted to go to trial rather than plead guilty had [s]he been given legally sound advice." (citation omitted)).

Where the PCRA court determines a petitioner is owed relief, "it shall order appropriate relief and issue supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that are necessary and proper." 42 Pa.C.S.A. § 9546(a). However, "[g]enerally, when a petitioner is granted PCRA relief for ineffective assistance of counsel, a new trial is granted." *Commonwealth v. Young*, 35 A.3d 54, 64 (Pa. Super. 2011).

Preliminarily, we consider whether the Commonwealth preserved its sole issue for our review. Defendant argues that the Commonwealth waived its claim "due to its failure to include the issue presented in its [Pa.R.A.P.] 1925(b) concise statement of matters complained of on appeal." Defendant's Brief at 8 (some capitalization modified).

Under our appellate rules, an appellant may not raise issues on appeal that were not raised before the trial court. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). It is axiomatic that "any issue not raised in a Rule

1925(b) statement will be deemed waived for appellate review."
***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citing
***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)).  We have further
observed that "[a] concise statement which is too vague to allow the court to
identify the issues raised on appeal is the functional equivalent to no concise
statement at all."  ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1038 (Pa.
Super. 2018) (citation omitted; some capitalization modified).

Instantly, the Commonwealth identified the following issue in its
Pa.R.A.P. 1925(b) statement:

> The [PCRA] court erred as a matter of law in allowing Defendant
> to withdraw her guilty plea as to all counts when the court only
> found plea counsel ineffective with respect to his legal advice for
> two counts.  The proper remedy would be for Defendant to be
> resentenced under the sentencing guidelines for those two counts
> only.

1925(b) Statement, 2/13/24, ¶ 3.

> Defendant argues
>
> [t]he [PCRA] court's 1925(a) opinion specifically addresses [the
> Commonwealth's issue as stated in its] 1925(b) statement.
> However, because the Commonwealth has altered the proposed
> remedy related to the error, the [PCRA] court has not addressed
> the Commonwealth's proposed remedy of permitting [Defendant]
> to withdraw her plea on only two (2) counts of the multiple counts
> she entered a plea to.  The [PCRA] court's 1925(a) opinion
> addresses the Commonwealth's request to resentence
> [Defendant] on those two counts without consideration of the
> mandatory sentencing provisions utilized.  Therefore, the [PCRA]
> court's position on the Commonwealth's altered appeal issue is
> unknown.  This discrepancy poses a substantial impediment to
> meaningful and effective appellate review as this Court is left to
> speculate on the [PCRA] court's position on a withdrawal of
> [Defendant's] plea on the two (2) counts surrounded by error.

Defendant's Brief at 9-10 (some capitalization modified).

We are unpersuaded by Defendant's argument. The question the Commonwealth presents in its brief, regarding whether Defendant was entitled to withdraw all of her pleas, is consistent with the issue presented in its Rule 1925(b) statement. While the Commonwealth's position has shifted concerning the relief it believes Defendant is owed, *see* Commonwealth Brief at 20 (opining Defendant is entitled to proceed to trial on her defective theft by deception convictions, and must be resentenced on her remaining convictions), the predicate question of whether the PCRA court erred in allowing Defendant to withdraw all of her pleas remains the same. Therefore, we conclude the Commonwealth properly preserved this issue.

As we have concluded the Commonwealth preserved its issue for review, we turn to the merits of its claim. The Commonwealth observes that the PCRA court did not credit a significant portion of Defendant's testimony. ***See*** Commonwealth Brief at 15 (citing PCRA Court Opinion, 1/29/24, at 5). The Commonwealth acknowledges, however, that the PCRA court **did** find credible Defendant's testimony that "she was never told that there were mandatory sentencing provisions that might apply to her case, and[,] if she had known, she would not have entered a plea[,] but would have gone to trial." ***Id.*** at 15. Nevertheless, the Commonwealth maintains the PCRA court's order permitting Defendant to withdraw all of her pleas

was not the correct remedy. The correct remedy would have been to vacate the sentence, but only allow [Defendant] to withdraw her plea with respect to two charges. Because [Defendant] failed to meet her burden of proof regarding [plea] counsel's performance and advice related to twenty-three (23) of the twenty-five (25) charges that she pled [*nolo contendere*] to, she is not entitled to withdraw her [*nolo contendere*] pleas with respect to those twenty-three (23) charges. She can withdraw her [*nolo contendere*] plea and proceed to trial *only* on the two theft by deception charges, because that is the only relief that she is entitled to in light of the factual findings and legal conclusions by the [PCRA] court following the PCRA hearing.

*Id.* at 16 (emphasis in original).

In support of its position, the Commonwealth relies on *Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018), and *Commonwealth v. Conaway*, 105 A.3d 755 (Pa. Super. 2014). *See* Commonwealth Brief at 16, 19.

In *DiMatteo*, the defendant entered guilty pleas to numerous drug-related offenses, several of which carried mandatory minimum sentences that the trial court imposed. *See DiMatteo*, 177 A.3d at 183. The defendant timely filed a post-sentence motion seeking reconsideration of his sentence, which the trial court denied. *See id.* at 184. Five days later, the United States Supreme Court decided *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."). *See id.*

The defendant did not file a direct appeal; instead, he filed a PCRA petition alleging counsel's ineffectiveness for failing "to investigate a change in the law which prohibits the imposition of the mandatory minimum sentences

- 12 -

under which he was sentenced[,] and for [failing] to file a direct appeal." ***Id.***

The trial court denied the defendant's PCRA petition. On appeal, this Court

vacated the defendant's sentence based on ***Alleyne*** and remanded the matter

for resentencing. ***See id.*** The Commonwealth appealed. ***Id.*** at 185.

The Pennsylvania Supreme Court agreed with this Court that ***Alleyne***

rendered the defendant's sentence illegal. ***See id.*** at 191. The ***DiMatteo***

Court further agreed that the defendant was only entitled to resentencing, as

opposed to vacation of his plea, distinguishing the defendant's case from

***Commonwealth v. Melendez-Negron***, 123 A.3d 1087 (Pa. Super. 2015):

> [T]he appropriate remedy in this case is vacating the judgment of sentence and remanding without consideration of the mandatory minimum sentence. We reach this conclusion **based on the particular circumstances** and timing of the entry of [the defendant's] plea. Although both this case and ***Melendez–Negron*** arise in the context of seeking collateral relief under the PCRA, **the remedies are specific to the unique procedural posture of the case**. First, we note that the Superior Court in ***Melendez–Negron*** analyzed the claim under the ineffectiveness paradigm. A finding that plea counsel was constitutionally ineffective which resulted in prejudice entitled Melendez–Negron to relief under the PCRA in the form of vacating the plea. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii). In the instant circumstance, the Superior Court found the illegality of the sentence manifest and ordered relief from the illegal sentence, a remedy authorized by the PCRA. 42 Pa.C.S. § 9542. Moreover, Melendez–Negron's negotiated guilty plea was accepted on November 15, 2013, which was five months after the decision in ***Alleyne*** was announced and one month following the intermediate court's opinion in which it determined that Section 9712.1 was unconstitutional as applied. ***See Melendez–Negron***, 123 A.3d at 1090–91. Consequently, at the time of the plea, counsel was ineffective for failing to advise Melendez–Negron to "reject a plea that incorporated a sentence based upon § 9712.1.["] …. ***Id.*** at 1091.

- 13 -

*DiMatteo*, 177 A.3d at 195–96 (emphasis added). The Court further observed that "the holding[] of [*Melendez-Negron*] appl[ies] only to negotiated guilty pleas, not to open guilty pleas." *Id.* at 196.

In *Conaway*, the defendant proceeded to trial on burglary and related offenses. *Conaway*, 105 A.3d at 756. The *Conaway* Court found that the trial court erred by specifically instructing the jury that the Commonwealth had proven one of the elements of the burglary charge. *See id.* at 763. The Court then briefly addressed the remedy to which the defendant was entitled, vacating the burglary conviction and remanding for a new trial on that sole count. *See id.* at 765. The Court explained, "because we are vacating a conviction in a multiple count case, and vacating [the defendant's] burglary conviction may upset the overall sentencing scheme vis-à-vis [the defendant's] other convictions, we vacate the entire judgment of sentence." *Id.*

In the instant case, Defendant was neither subjected to an illegal sentence, nor was she found guilty by a jury. Instead, Defendant alleged that plea counsel failed to apprise her of a direct consequence of her guilty plea: the imposition of mandatory minimum sentences. Further, the trial court credited Defendant's testimony that she "would have went to trial" had plea counsel informed her of the mandatory minimum sentences she was facing. N.T., 10/20/23, at 55. We are bound by the credibility determinations of the PCRA court where, as here, they are supported by the record. *See Mojica*,

242 A.3d at 956; ***see also*** PCRA Court Opinion, 1/29/24, at 7 (finding that "[i]f [plea counsel] was aware … of the mandatory minimums associated with [Defendant's] charges[,] he failed to let her know they would apply in this case.").

The cases relied upon by the Commonwealth are inapposite and unavailing. Moreover, the Commonwealth has not supplied this Court with any authority demonstrating that the PCRA court was not permitted to consider the individual circumstances of Defendant's case in tailoring an appropriate order granting relief. To the contrary, the PCRA itself empowers courts to "order appropriate relief" where a petitioner presents a meritorious claim. 42 Pa.C.S.A. § 9546(a); ***see also DiMatteo***, 177 A.3d at 195 (stating PCRA "remedies are specific to the unique procedural posture of the case[,]" and based on the "particular circumstances" of a defendant's plea). As the Commonwealth concedes the PCRA court credited Defendant's testimony that she would have proceeded to trial but for plea counsel's ineffectiveness, ***see*** Commonwealth Brief at 15, we discern no legal error in the PCRA court's remedy of granting Defendant's request to withdraw her entire plea so that she may proceed to trial.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2024